ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 0 2004

LUTHER D. THOMAS, Clerk
By: Reed Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 1-02-CV-2429-MHS |
| v. | |
| J. SCOTT ESKIND, LORUS INVESTMENTS, INC., and CAPITAL MANAGEMENT FUND, LIMITED PARTNERSHIP, | |
| Defendants. | |

## STIPULATION AND CONSENT OF J. SCOTT ESKIND, LORUS INVESTMENTS INC., AND CAPITAL MANAGEMENT FUND, LIMITED PARTNERSHIP, TO FINAL JUDGMENT INCLUDING ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF

1. Defendants J. Scott Eskind, Lorus Investments, Inc., and Capital Management Fund, Limited Partnership, (collectively "Defendants") admit the jurisdiction of this Court over them and over the subject matter of this action.

2. Defendants state that they have entered into this Consent voluntarily, and that no promise, threat, offer or inducement of any kind, except as stated herein or as stated in the attached proposed Final Judgment Including Order of Permanent Injunction and Other Relief has been made by the plaintiff, Securities and Exchange Commission ("Commission"), or any member, officer, employee, agent, or representative of the Commission to defendants or to anyone acting for them or on their behalf, to induce them to enter into this Consent.

3. Defendants, without admitting or denying the allegations of the Complaint, except that they are admitting the allegation as to personal and subject matter jurisdiction, hereby voluntarily consent to the entry of the Final Judgment, in the form annexed hereto and incorporated by reference herein. Defendants agree to pay the disgorgement and penalties specified in the judgment, but neither admit nor deny receiving net gain and state that, due to a submission of documentation by two investors after the accounting period set by the Court, they have not confirmed $360,800 of the disgorgement amount.

4. Defendants agree that the attached Final Judgment, in the form annexed hereto, may be presented by the Commission to the Court for signature and entry, without further notice.

5. Defendants agree that this Consent shall be made a part of the attached Final Judgment to be entered by this Court in this action, and further agree that this Court shall retain jurisdiction over them for the purpose of enforcing the terms of the Final Judgment.

6. Defendants state that they understand that the Commission cannot and does not confer on them or on any person or entity, immunity from any criminal proceedings against them or other persons or entities for any actions related to or arising from this or any other matter.

7. Defendants acknowledge that they have read, understand, and agree to comply with the policy of the Commission, set forth in 17 C.F.R. § 202.5(e), against permitting a defendant to consent to an order that imposes a sanction while denying any allegation or finding in the Complaint. In compliance with this policy, defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or

indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint. If defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

8. Defendants acknowledge and agree that this proceeding and their Consent are for the purposes of resolving this proceeding only, in conformity with the provisions of 17 C.F.R. 202.5(f), and do not resolve, affect, or preclude any other proceeding which may be brought against them. Consistent with the provisions of 17 C.F.R. 202.5(f), defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other provision of

law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended by them to defend against this action. For these purposes, defendants agree that they are not prevailing parties in this action since the parties have reached a good faith settlement.

10. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

11. Defendants waive any right they might have to appeal from the entry of the Final Judgment.

12. Defendants waive service of the Final Judgment entered herein upon them and agree that entry of the Order by the Court and filing with the Clerk in the Northern District of Georgia will constitute notice to them of the terms and conditions of such Final Judgment.

13. Defendants agree that they will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

Dated: October 11, 2003

_____
J. Scott Eskind, individually and on behalf of Lorus Investments, Inc., and Capital Management Fund, Limited Partnership


On Oct 11, 2003, J. Scott Eskind, a person known to me (✓) or a person who provided identification in the form of _____ ( ) [check one], personally appeared before me and acknowledged executing the foregoing Consent.

_____
NOTARY PUBLIC
Commission Expires:

Approved as to form: _____
Howard A. Becker, Esq.

5